# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ROBERT CERNIGLIA, | CASE NO. 1:09-cv-00651-AWI-DLB PC |
| Plaintiff, | ORDER DENYING MOTION TO COMPEL AS MOOT |
| v. | (Doc. 20) |
| CARONA, et al., | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL |
| Defendants. / | (Doc. 21) |

**Order**

**I.     Background**

Plaintiff Steven Robert Cerniglia ("Plaintiff") is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed April 10, 2009, against Defendants Julia Corona[1] and L. Franks. Pending before the Court are two motions to compel, filed September 4, 2009, and October 13, 2009, seeking further response from Defendant Corona. (Docs. 20, 21.) On November 19, 2009, Defendant Corona filed an opposition. (Doc. 22.) On December 10, 2009, Plaintiff filed his reply. (Doc. 23.) The matter is deemed submitted pursuant to Local Rule 230(l).

**II.     September 4, 2009 Motion to Compel**

On September 4, 2009, Plaintiff filed a motion to compel further responses from

---

[1] Defendant's last name is misspelled as "Carona" by Plaintiff. The Court adopts Defendant's spelling herein.

1

Defendant Corona.  Plaintiff contends that on June 29, 2009, Plaintiff served his first Request for Production of Documents (POD) and first set of Interrogatories.  (Doc. 20, Mot. To Compel 1:25-26.)  On October 13, 2009, Plaintiff states in his second motion to compel that Defendant Corona served her responses to the first set of requests for POD and Interrogatories on September 2, 2009.  (Doc. 21, Mot. To Compel 2, footnote 1.)  Plaintiff raises additional arguments in this second motion to compel pertaining to the same issues in his first motion.  The Court finds that the September 4, 2009 motion to compel is moot.

### III.     October 13, 2009 Motion to Compel

#### A.     Untimely Response To Discovery Requests

Plaintiff contends that Defendant Corona's responses to Plaintiff's first Request for POD and first set of Interrogatories were untimely.  (Doc. 21, Mot. To Compel 2, footnote 1.)  Plaintiff contends that appropriate sanctions should apply, including Defendant Corona's waiver of all objections.  (Id.)  Defendant does not respond to this argument.

The Court's discovery and scheduling order, filed June 19, 2009, set a due date of forty-five (45) days after a discovery request is first served for the other party to respond.  (Doc. 14, Discovery Order ¶ 2.)  Plaintiff contends that he served his discovery requests to Defendant Corona on June 29, 2009.  Thus, Defendant Corona would have until August 13, 2009 in which to serve his response.  Plaintiff submits a proof of service of Defendant Corona's responses, which indicates a service date of September 2, 2009.  (Doc. 21, Mot. To. Compel Exh. D, Decl. Of Personal Service.)  However, Plaintiff's proof of service of his own discovery requests indicate that Dustin L. Smithson, the person who served the first set of interrogatories and first set of requests for POD, served the requests on July 29, 2009, not June 29.  (Doc. 21, Mot To Compel, Exhs. B and C.)  Thus, Defendant Corona's responses appear to be timely.  Plaintiff's request for discovery sanctions is denied.

#### B.     Interrogatories

Plaintiff seeks to compel further responses from Defendant Corona to Interrogatories Nos. 6, 7, and 9.

Interrogatory No. 6:    Detail with specificity your definition of a "Patient Right."

Response:    Defendant Corona does not have definition of "Patient Right." Furthermore, this interrogatory calls for potential legal conclusion to which defendant Corona lacks foundation t adequately respond.

    Plaintiff contends that Defendant Corona's response is inadequate and that Plaintiff is not seeking legal conclusions. Defendant Corona contends that she does not have to give a legal opinion and that the response was sufficient.

    Defendant did respond to Plaintiff's interrogatory by stating that Defendant does not have a definition of Patient Right. Even if Plaintiff believes this response is not accurate, it is a sufficient response. The Court will not compel Defendant Corona to serve a further response to Interrogatory No. 6.

Interrogatory No. 7:    Detail with specificity YOUR definition of a "Denial of a Patient right."

Response:    Defendant Corona does not have definition of "Denial of a Patient Right." Furthermore, this interrogatory calls for potential legal conclusion to which defendant Corona lacks foundation to adequately respond.

    The Court finds that Defendant's response to Interrogatory No. 7 is sufficient for the same reasons given for Interrogatory No. 6, and will not compel Defendant Corona to serve a further response.

Interrogatory No. 9:    Detail with specificity the facts of any other previous legal action (including disciplinary) taken against DEFENDANT Corona as a result of her denial of any "Patient Right," of any other Civilly Committed mentally ill patient during her employment with the California Department of Mental Health, in an employment capacity whatsoever.

Response:    Not applicable.

    Defendant contends that "[t]he reasonable interpretation of 'not applicable,' is that there is no 'previous legal action.'" (Doc. 22, Opp'n 2:6-7.) The Court finds Defendant's response to Interrogatory No. 9 inadequate. Plaintiff and the Court should not have to guess as to what Defendant Corona means regarding "not applicable." If Defendant objects to this interrogatory, Defendant should state with specificity her objections and reasons. "Not applicable" fails to explain why Defendant cannot answer the interrogatory, and is not a recognized objection. Defendant is to furnish a further response to Plaintiff's Interrogatory No. 9 from the first set

3

within thirty (30) days from the date of service of this order.

### C.     Request for POD

Plaintiff seeks an order compelling further response to Plaintiff's request for POD Nos. 4, 7, and 8.

POD No. 4:       All DOCUMENTS that describe, comprise, consist of, contain, evidence, relate to or refer to Visiting Room Communication Log to which the Visiting Room Hospital Police Officer utilized in documenting the denial or Plaintiff's family visit on July 18, 2008.

Response:        Not applicable, defendant Corona did not utilize a Visiting Room Communication Log to document the " . . . denial of Plaintiff's family visit on July 18, 2008."

Plaintiff contends that this log was used in denying Plaintiff visitation.  Defendant contends that she did not use this log, and thus does not have to produce it.

The Court finds Defendant's objection to be inadequate.  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Defendant in effect contends that the communication log is not relevant, but that is not the threshold requirement for discovery.  Plaintiff's complaint contends that Defendant Corona denied him visitation with his family on July 18, 2008.  The visitation room communication log may contain information relevant to the denial of this visit, and appears reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, Defendant is to furnish a further response to Plaintiff's request for production of document No. 4 within thirty (30) days from the date of service of this order.

POD No. 7:       All DOCUMENTS that describe, comprise, consist of, contain, evidence, relate to or refer to any other legal action taken against DEFENDANT Corona regarding her denial of any rights, of any other Civilly Committed Patients during her employment with the California Department of Mental Health, in any employment capacity.

Response:        Not applicable.

Plaintiff contends that a history of violation by Defendant Corona regarding patients rights is relevant to the complaint.  Defendant contends again that "not applicable" should obviously mean that there are no documents relative to any alleged other legal action.

As stated previously, the Court finds "not applicable" is not an objection.  Defendant is to

4

serve a further response to Plaintiff's Request for POD No. 7 within thirty (30) days from the date of service of this order.

POD. No. 8:   All DOCUMENTS that describe, comprise, consist of, contain, evidence, relate to, or refer to any and all training that DEFENDANT Corona has received and/or continues to receive related to the "Rights" of the Civilly Committed mentally ill patients at Coalinga State Hospital.

Response:   Not available at this time.

Plaintiff contends that Defendant should respond to this request. Defendant's counsel contends that he is trying to locate any such documents, but is unsure as to their availability.

As it appears that Defendant is in the process of ascertaining the existence and availability of documents responsive to this request, the Court will not compel Defendant Corona to serve a further response to request for POD No. 8. However, if this material later becomes available, Defendant has a duty to supplement her initial response. Fed. R. Civ. P. 26(e).

## IV.   Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1)   Plaintiff's motion to compel, filed September 4, 2009, is DENIED as moot;

2)   Plaintiff's motion to compel, filed October 13, 2009, is GRANTED in part and DENIED in part as follows:

    A)   Plaintiff's request for discovery sanctions for untimely response is denied;

    B)   Plaintiff's request for an order compelling further response to Interrogatories Nos. 6 and 7 (first set), and request for Production of Documents No. 8, (first set) is DENIED;

//
//
//
//
//
//
//

1          C)        Plaintiff's request for an order compelling further response to Interrogatory

2                     No. 9 (first set), and requests for Production of Documents Nos. 4 and 7

3                     (first set), is GRANTED; and

4          D)        Defendant Corona is to serve a further response to Interrogatory No. 9

5                     (first set), and requests for Production of Documents Nos. 4 and 7 (first

6                     set), within **thirty (30) days** from the date of service of this order.

7  IT IS SO ORDERED.

8     **Dated:**   **April 5, 2010**                          /s/ **Dennis L. Beck**
                                                                      UNITED STATES MAGISTRATE JUDGE