# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ROBERT CERNIGLIA, | CASE NO. 1:09-cv-00651-AWI-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND RESPONDING TO PLAINTIFF'S OBJECTIONS TO EVIDENCE |
| v. | |
| SGT. JULIA CARONA, et al., | |
| | (Docs. 29, 37, 42) |
| Defendants. | THIRTY-DAY DEADLINE |

## I. Procedural History

Plaintiff Steven Robert Cerniglia ("Plaintiff") is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed April 10, 2009, against Defendants Corona[1] and L. Franks under section 1983 for denying him visitation with his minor nephew on July 18, 2008. (Doc. 1.) On April 30, 2010, Defendants filed a motion for summary judgment. (Doc. 29.) Plaintiff filed an opposition on May 25, 2010.[2] (Docs. 32, 33, 34, 35, 36.) Plaintiff also filed an object to the evidence attached to Defendant's summary judgment motion and requested an order for production of documents and sanctions for failure to comply with discovery requests. (Doc. 37.) Defendants filed a reply on June 15, 2010. (Doc. 38.)

---

[1] Misspelled as Carona in complaint.

[2] Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment by the Court in an order filed on October 27, 2010 and provided with 30 days to file an amended opposition to Defendant's motion for summary judgment. Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). (Doc. 43.) Plaintiff notified the Court on November 11, 2010, that he wanted to proceed on the previously filed objection. (Doc. 44.)

1

II.     **Undisputed Facts**

Plaintiff is a civil detainee housed at Coalinga State Hospital.[3] (Doc. 36 at 1.) On July 18, 2008, Defendant Julia Corona was the watch commander at Coalinga State Hospital ("CSH") and was responsible for executing CSH rules and regulations governing admission of visitors to the facility.[4] (Doc. 29-2 at 2.) Plaintiff's father and sister came to visit him at CSH, bringing his minor nephew with them. (Id. at 3, 13.) When Plaintiff's family arrived at the visitation desk, they did not have a copy of the minor's birth certificate with them. (Id. at 4.) Administrative directive 738 requires that a person under the age of eighteen must provide a birth certificate to verify their identity in order to be permitted to visit at the facility.[5] (Id. at 5.) Defendant Lloyd Franks was assigned to the visitors desk and was responsible for processing visitors into the facility. (Id. at 12.) Defendant Franks does not know Plaintiff, nor would he recognize Plaintiff. (Id.) Defendant Franks contacted his supervisor, Defendant Corona, for her to address the issue of the missing birth certificate.[6] (Id. at 14; Doc. 33, ¶ 20.)

Plaintiff's minor nephew was not allowed to visit Plaintiff on July 18, 2008, because he did not have a birth certificate with him.[7] (Doc. 29-2 at 7.) Defendants state that Plaintiff's nephew returned and visited with Plaintiff on April, 14, 2010; August 6, 2009; February 10, 2010; and April

---

[3] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice that, after Plaintiff was convicted of sexual abuse of a child and served a prison term, he was committed as a Sexually Violent Predator under California's Sexually Violent Predator Act. Cerniglia v. County of Sacramento, 566 F.Supp.2d 1034, 1036 (9th Cir. 2008).

[4] Plaintiff denies, alleging the case has nothing to do with whether Defendant Corona was responsible for executing rules and regulations. (Doc. 35 at 1.) Additionally, "Plaintiff objects to the [d]eclarations of [Defendants] Corona and Franks in their entirety because they are void of any factual evidence to refute Plaintiff's claims." This is an improper objection and the Court will consider the declarations in deciding the motion.

[5] Plaintiff denies, alleging his family was never informed of the requirement that a birth certificate was required. (Id. at 3, 4.)

[6] Plaintiff denies this without citing any evidence. His denial appears to be based on his belief that Defendant Franks should have ended the inquiry because the rules did not require a birth certificate.

[7] Plaintiff denies, but it appears he is denying whether his family knew of the requirement that a birth certificate was necessary, not that the lack of the birth certificate was the reason the visit was not allowed. (Id. at 3, 4, 6.)

2

8, 2010.[8] (Id. at 8.) Plaintiff objects to this fact and alleges that Defendants refer to documents not provided in his request for production of documents. While it appears to the Court, upon review of documents provided by Plaintiff, that the documents requested (Communication Log Book and Visiting Room Communication Log) are not the document referred to by Defendants (visitation record), it is not necessary to decide this in determining the motion at issue.

## III.  Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Summary judgment must be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The "party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 (quoting Rule 56(c) of the Federal Rules of Civil Procedure).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.

The parties bear the burden of supporting their motions and oppositions with the papers they wish the Court to consider and/or by specifically referencing any other portions of the record for

---

[8] Plaintiff denies, alleging it is irrelevant whether Plaintiff visited with his nephew after July 18, 2008. (Id. at 7.)

3

consideration. Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001). The Court will not undertake to mine the record for triable issues of fact.

## IV. Discussion

### A. Defendants' Claims

Defendants claim that Defendant Corona "suspended" the visit between Plaintiff and his nephew because the minor did not possess a birth certificate as required by Administrative Directive 738. (Doc. 29-1, p. 4:4-9.) Defendant Franks was acting under the supervision and authority of his supervisor and was not involved in the decision to "suspend" the visit. (Id. at 5:4-8.) Since Defendants acted in reliance upon the administrative directive they are entitled to qualified immunity. (Id. at 5:11-15.)

### B. Plaintiff's Claims

Plaintiff agrees that this case is "solely about the Defendant's violation [of] Plaintiff's constitutional and statutory right (not privilege), as a civilly committed patient, to visit with members of his own family." (Doc. 2, p. 2:12-14.) Plaintiff alleges that neither he nor his family were provided with the administrative directive requiring the minor to bring his birth certificate. (Id. at 2:21-3:1.) Since Plaintiff's nephew had visited him when he was confined at Atascadero State Hospital, and this visit had been approved, the documentation was in Plaintiff's medical file. (Id. at 3:8-12.) Plaintiff alleges his rights were further violated when Defendants' failed to provide him with a "Denial of Rights Form," in compliance with California Code of Regulations Title 9, § 884(a). (Id. at 3:19-20.)

### C. Legal Standard

The doctrine of qualified immunity protects government officials from civil liability where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 129 S. Ct. 808, 815 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). To determine if an official is entitled to qualified immunity the court uses a two part inquiry. Saucier v. Katz, 533 U.S. 194, 200 (2001). The court determines if the facts as alleged state a violation of a constitutional right and if the right is clearly established so that a reasonable official would have known that his conduct was unlawful. Saucier,

533 U.S. at 200. A district court is "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson, 129 S. Ct. at 818. The inquiry as to whether the right was clearly established is "solely a question of law for the judge." Dunn v. Castro, No. 08-15957, 2010 WL 3547637, at *2 (9th Cir. Sept. 14, 2010) (quoting Tortu v. Las Vegas Metro. Police Dep't. 556 F.3d 1075, 1085 (9th Cir. 2009)).

### 1. Discussion

#### a. Visitation

Plaintiff is asserting that he has a constitutional right to have his family visit him while he is confined as a civil detainee. (Doc. 32, 2:11-14.) The right Plaintiff alleges has been "violated must be defined at the appropriate level of specificity before a court can determine if it was clearly established." Dunn, 2010 WL 3547637, at *4 (quoting Wilson v. Layne, 526 U.S. 603, 615 (1999)). While Plaintiff attempts to define this right broadly as "family visitation," the issue is whether Plaintiff has a constitutional right to have his minor nephew visit him while he is confined as a civil detainee.

Although an individual has been properly committed, he still has substantive liberty interests protected by the Fourteenth Amendment. Youngberg v. Romeo, 457 U.S. 307, 315 (1982). Where a civil detainee is confined "due process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (quoting Jackson v. Indiana, 406 U.S. 715, 738 (1972)). A civil detainee is entitled to be confined in conditions that are "not intended to be punitive, excessive in relation to their non-punitive purpose, or employed for purposes that could be achieved by less harsh methods." Jones, 393 F.3d at 936. However, the conditions under which the civil detainee is confined may serve legitimate, non-punitive government interests, including maintaining security and effective management of the facility. Id. at 932.

A parent has a fundamental interest in maintaining a relationship with his child. Lee v. City of Los Angeles, 250 F.3d 668, 685 (9th Cir. 2001). This interest merits some degree of protection for a parent confined in prison, Dunn, 2010 WL 3547637, at *7, however, lawful incarceration places

5

substantial limits on the parent's rights of association, even with his immediate family, Overton, v. Bazzetta, 539 U.S. 126, 131 (2003) (upholding ban on non-contact visits of minor nieces and nephews).

It is well established that prisoners do not have an absolute right to receive visits from family members while they are incarcerated. Dunn, 2010 WL 3547637, at *4; see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (affirming dismissal of prisoner's claim challenging regulation that denied him visits from persons other than his immediate family). While Plaintiff is to be afforded more considerate treatment than a prisoner, Youngberg, 457 U.S. at 322, the Constitution does not require that detainees be allowed contact visits, Block v. Rutherford, 468 U.S. 576, 589 (1984). A denial of visitation that was permanent or continued for a long period of time might rise to the level of a constitutional violation. Dunn, 2010 WL 3547637, at *6. However, denial of access to a particular visitor is well within the terms of confinement contemplated by a prison sentence. Id. at *4.

The right of civil detainee to have visits with his children is not clearly established. See Block, 468 U.S. at 589. Plaintiff complains that he was denied visitation with his minor nephew on a single occasion. There is no established right to visit with nieces and nephews. See Overton, 539 U.S. 126. It is not always clearly established how expansive the rights of civil detainees are compared to those who are criminally detained. The First Circuit has determined that the rights of SVPs, under a similar Massachusetts state statute, are the same as prisoners under the Fair Labor Standards Act. Miller v. Dukakis, 961 F.2d 7, (1st Cir. 1992). While Overton involved a prison regulation, rather than a mental hospital, the rational for the restriction would be similar as Plaintiff is a civil detainee due to his status as a Sexually Violent Predator. Since the right of a civil detainee to have visits with his minor nephew was not clearly established, Defendants are entitled to qualified immunity for the denial of visitation.

### 2. Denial of Rights Form

Since it was not clearly established that a constitutional right would have been violated by denying Plaintiff a visit with his minor nephew, Defendants would not be required to provide Plaintiff with a denial of rights form. Even if there had been a violation of Plaintiff's constitutional

rights, "[t]o the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997), quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996).

## V.     Conclusion and Recommendation

The Court finds that Defendants Corona and Franks are entitled to qualified immunity because the right of a civil detainee to visit with his minor nephew was not clearly established on July 18, 2008.  Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that:

1. This action be dismissed in its entirety, with prejudice;
2. Plaintiff's request for sanctions against Defendants for failure to produce responsive documents be DENIED; and
3. Plaintiff's request that Defendants turn over their entire visiting records and logs related to Plaintiff be DENIED as moot.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    November 12, 2010

UNITED STATES MAGISTRATE JUDGE